**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIA RIELINGER, | ) | Case No. 1:26-cv-767 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| UNITED OHIO INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Julia Rielinger filed this action without a lawyer against United Ohio Insurance Company and its parent company, Ohio Mutual Insurance Company. Plaintiff's complaint is very difficult to comprehend; however, she appears to challenge the State court's declaration that she is a vexatious litigator. She brings this action against the insurance companies that hired attorneys who sought and obtained the vexatious litigator judgment against her. She asks the Court to declare that Defendants' filing of a vexatious litigator counterclaim in the State court violated her constitutional rights, order Defendants to dismiss the vexatious litigator counterclaim, void any orders arising from the vexatious litigator judgment, enjoin Defendants from using the vexatious litigator judgment and related orders, and order Defendants to withdraw their motions for attorneys' fees in the State court action. Further, she seeks an award of $30,000,000.00 for the loss of her appeal in a wrongful death case, which she claims resulted from the vexatious litigator

determination, $5,750,000.00 for a wrongful eviction as a result of the State court action in which the vexatious litigator determination was made, $750,000,000.00 for investment losses caused by potential investors withdrawing or declining offers to invest in a business venture, $35,000.00 for another case that Plaintiff attempted to pursue but could not because of the vexatious litigator finding, and other miscellaneous monetary damages.

Plaintiff did not pay the filing of $405.00 for this action.  Instead, she filed an application to proceed *in forma pauperis*.  (ECF No. 2.)  However, she did not make a sincere attempt to complete the form.  She wrote "N/A" in every blank seeking information on her income.  On her expenses, she wrote "N/A" or "0" in every blank, except for food, for which she claims she spends $300 per month and credit cards for which she indicates she spends $1,000.00 per month.  She omitted housing costs, although she lists an address in New Hampshire (though she makes filings in person in the Northern District of Ohio).  Also, she omitted utility and transportation costs, which are material expenses.  Even if the Court accepts that she has only food and credit card expenses, she provides no explanation how she pays $1,300.00 in expenses each month with no income from any source and no other financial assets from which to draw funds.  She affirmatively states on her application that she does not receive public assistance or financial support from friends and family.

Finally, the Court has further reason to doubt the truth and accuracy of this *in forma pauperis* application.  This is the fifth action that Plaintiff has filed in federal court in the last ten months.  *See Rielinger v. Russo*, No. 1:17-cv-02497 (N.D.

2

Ohio July 11, 2025) (Polster, J.); *Rielinger v. Cleveland Chinatown Dev. LLC*, No. 1:25-cv-02036 (N.D. Ohio Sep. 26, 2025) (Fleming, J.); *Robert v. Brown*, No. 1:26-cv-00103 (N.D. Ohio filed Jan. 15, 2026) (Fleming, J.); *Rielinger v. Cleveland Chinatown Dev. LLC*, 1:26-cv-00995 (N.D. Ohio Apr. 28, 2026).  Plaintiff paid the full filing fee of $405.00 for each of those actions.  The last two cases were filed approximately two months before and one month after this case was filed.  If Plaintiff was able to pay $1,620.00 in filing fees in the past year, half of which were paid shortly before and shortly after this case was filed, Plaintiff is not a pauper and has a source of income that she willfully did not disclose to the Court.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income and debt that demonstrates the person is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  Pauper status does not require absolute destitution; however, it is not a tool for litigants to use to test the waters of legal viability of a complaint before committing to it financially.  *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001).  The Court takes very seriously a request to proceed *in forma pauperis*, which amounts to a request to litigate at taxpayer expense.  It is within the Court's discretion to allow a litigant to proceed *in forma pauperis*.  *Id*.  Proceeding *in forma pauperis* is a privilege, and not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

In addition, 28 U.S.C. § 1915(e)(2)(A) provides in relevant part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *see also Redd v. Redmon*, No. 99-6001, 2000 WL 658291, at *1 (6th Cir. May 9, 2000). The Court may dismiss the complaint with or without prejudice if a plaintiff misrepresents her pauper status. *See Ojose v. Youngstown State Univ.*, No. 19-3221, 2019 WL 8301664, at *2 (6th Cir. Dec. 18, 2019); *see also Reyes v. Fishel*, 996 F.3d 420, 425 (7th Cir. 2021) ("Dismissal with prejudice is a permissible sanction where a prisoner has made an untrue allegation of poverty."). Plaintiff signed her application to proceed *in forma pauperis* "declar[ing] under penalty of perjury that the information [in her application] . . . is true and [that she] understand[s] that a false statement may result in dismissal of [her] claims." (ECF No. 2, PageID #47.) Then, she submitted an application that is at best misleading, and viewed less generously, false.

Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** this action with prejudice. It may not be reopened even if the Plaintiff later tenders the payment of the full filing fee. Further, the Court will not accept any further filings in this case. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: June 1, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5